UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. BLOCH, III, | ) |
|     Petitioner | ) |
| vs. | ) CAUSE NO. 3:14-CV-1868 RLM |
| | ) (Arising out of 3:12-CR-2 RLM) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent | ) |

OPINION AND ORDER

In April 2012, a jury found John W. Bloch, III guilty of illegal possession of a firearm. After two appeals, the court sentenced Mr. Bloch to a total of 105 months imprisonment, to be followed by three years of supervised release, and the court of appeals affirmed the sentence. *See* United States v. Bloch, 825 F.3d 862 (7th Cir. 2016). Mr. Bloch's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, [Doc. No. 78], his motions to amend or supplement his petition, [Doc. Nos. 109, 114], and his motion to compel, [Doc. No. 124], are before the court.[1] For the following reasons, the court denies his motions and his petition under 28 U.S.C. § 2255.

I. Background

The factual background underlying Mr. Bloch's conviction is set out in

---

[1] Mr. Bloch filed his motion to vacate while his third appeal was pending, so the court deferred ruling pending disposition of the appeal. [Doc. No. 111].

1

detail in the court of appeals' opinion addressing Mr. Bloch's first direct appeal. *See* United States v. Bloch, 718 F.3d 638 (7th Cir. 2013). The court assumes the reader's familiarity with the underlying facts of this case, but will briefly summarize the facts relevant to issue presented in Mr. Bloch's motion and his petition.

After getting two calls reporting gunshots in the vicinity, one of which specifically identified Kirsten Steven's apartment as the source of the gunfire, Elkhart police officers responded to the apartment and knocked on the door. Mr. Bloch—visibly intoxicated and somewhat combative—opened the door. The officers told Mr. Bloch to step outside, handcuffed him, and asked Ms. Steven, Mr. Bloch's girlfriend, to step outside as well. After the officers were told that a young child was sleeping in the apartment, they conducted a sweep of the apartment to see if anyone was injured. The officers found a loaded Glock handgun sitting on a nightstand and an SKS assault rifle in an open closet, both in plain view. Next to the rifle, officers found 54 rounds of ammunition in a clip and discovered 144 rounds of ammunition for the handgun nearby. As the officers removed the firearms from the apartment, Mr. Bloch professed ownership of the guns and complained that the officers were taking them. Because Mr. Bloch was a convicted felon who couldn't possess a firearm lawfully, he was arrested. He continued to protest the seizure of the weapons even after his arrest. A jury convicted Mr. Bloch of illegal possession of a firearm.

II. Discussion

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed, "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After reviewing the record in this case, the court finds that Mr. Bloch's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

*A. Motion to Amend*

Mr. Bloch moves to amend and/or supplement his § 2255 motion contending that there have been "some changes" in his case and "some issues that were not apparent to the Defendant when the initial . . . Petition was submitted," but he didn't identify what those changes and issues were or what claims he'd like to add or modify, or provide a copy of the proposed amended petition. The court deferred ruling on the motion to amend to allow Mr. Bloch to supplement his motion with a copy of the proposed amended § 2255 petition, [Doc. No. 111], which he did. [Doc. No. 114].

The Rules Governing Section 2255 Proceedings don't contain a provision for amending motions for collateral review, so the court must look to Fed. R. Civ.

P. 15(a) to determine whether leave to amend should be granted in this case. Johnston v. United States, 196 F.3d 802, 805 (7th Cir. 1999). Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." "Under Rule 15, a court may deny the amendment due to undue delay, bad faith, dilatory motive, prejudice or futility." Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002) (citing Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir.2001)).

In his amended petition, Mr. Bloch seeks to add a third claim of ineffective assistance of counsel against his trial counsel, arguing that his trial counsel was unconstitutionally ineffective because he didn't challenge the multiplicity of the charges in the indictment. Mr. Bloch contends that being charged with violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(g)(9) violated his Fifth and Sixth Amendment rights. The court disagrees. As the court of appeals noted in ruling on Mr. Bloch's first appeal, the government was free to pursue both counts through trial, so any pretrial motion to dismiss the indictment or a count of the indictment would have failed. *See* United States v. Bloch, 718 F.3d at 643. And to the extent Mr. Bloch seeks to challenge his counsel's failure to object to the court sentencing him on both counts, that issue was addressed on appeal, *see* id. at 643–644, and resolved on remand, [*see* Doc. Nos. 67, 95], so he can't show prejudice. *See* Strickland v. Washington, 466 U.S. 668, 694 (1984) (holding that an ineffective assistance claim fails if the petitioner can't "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different"). Because this ineffective assistance of counsel claim has no merit, it would be futile for Mr. Bloch to amend his § 2255 petition.[2] Accordingly, the court denies the motion to amend. *See* Indep. Tr. Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012) ("it is well settled that a district court may refuse leave to amend where amendment would be futile").

*B. Motion to Compel*

Mr. Bloch's motion to compel asks the court to order the government to respond to his petition. The court ordered the government to respond to his original petition, [Doc. No. 97], and the government responded. [Doc. No. 101]. To the extent Mr. Bloch seeks an order directing the government to respond to his amended petition, no response is required because the court denied his motion to amend.

*C. § 2255 Petition: First Ineffective Assistance of Counsel Claim*

*Suppression Motions*

The first claim in Mr. Bloch's § 2255 petition alleges that his trial counsel, Brian May, provided ineffective assistance because he didn't (1) file a motion to suppress evidence seized during a search of Kristen Steven's apartment, (2)

---

[2] Mr. Bloch didn't seek to add any other claims in his proposed amended petition and the other proposed changes to his petition aren't substantive, so they don't affect the analysis of the merits of his claims.

5

challenge the seizure of Mr. Bloch, or (3) contest the validity of an anonymous 911 call. To prevail on his ineffective assistance of counsel claims, Mr. Bloch must show both (1) that his attorney's performance was objectively unreasonable in its deficiency such that he was denied the counsel guaranteed by the Sixth Amendment, and (2) that this deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. at 687; Cates v. United States, 882 F.3d 731, 736 (7th Cir. 2018). If Mr. Bloch's can't make a showing on both prongs, his claims must be dismissed. *See* Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996).

When a claim of ineffective assistance is premised on an attorney's failure to file a motion to suppress, the defendant must prove that the motion would have been meritorious, and that but for counsel's error, he would not have been convicted. United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005). The defendant bears the burden of establishing that the law enforcement officer's conduct violated the constitution. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980); United States v. Longmire, 761 F.2d 411, 417 (7th Cir. 1985).

1. Legality of the Search of Ms. Steven's Apartment

Mr. Bloch first alleges that his trial counsel was ineffective because he didn't move to suppress evidence seized during the search of Ms. Steven's apartment. Mr. Bloch doesn't challenge the scope or the duration of the search,

6

he only contends that his constitutional rights were violated because the officers entered Ms. Steven's apartment without a warrant.[3]

Warrantless searches of protected areas are generally presumed to be unreasonable under the Fourth Amendment unless the search falls within an established exception to the search warrant requirement. United States v. Delgado, 701 F.3d 1161, 1164 (7th Cir. 2012) (quoting United States v. Schmidt, 700 F.3d 934, 937 (7th Cir. 2012)). "[T]he government may overcome this presumption by demonstrating that, from the perspective of the officer at the scene, a reasonable officer could believe that exigent circumstances existed and that there was no time to obtain a warrant." Id. (quoting United States v. Schmidt, 700 F.3d at 937).

"Exigent circumstances exist, for example, when officers must render emergency assistance to an injured [person] or to protect a [person] from

---

[3] The government argued in its response to Mr. Bloch's petition that a Fourth Amendment challenge isn't cognizable in the context of a § 2255 petition and that Mr. Bloch lacks standing to challenge the search because he didn't have a legitimate expectation of privacy in Ms. Steven's apartment. These aren't grounds for dismissing his ineffective assistance claims. First, as Mr. Bloch correctly notes in his reply brief, his claim that his trial counsel was ineffective for failing to bring a motion to suppress is cognizable in a petition for post-conviction release. *See, e.g.* Owens v. United States, 387 F.3d 607, 607 (7th Cir. 2004). With regard to the standing issue, Mr. Bloch asserts in his reply brief that he had keys to Ms. Steven's apartment, had permission to be there in her absence, kept clothes there, and "continuously visited and frequently stayed the night as a[n] overnight house guest at the [apartment]." [Doc. No. 108 at 6]. Although those factual allegations aren't verified, the court assumes for purposes of this opinion that Mr. Bloch would have had standing to challenge the search of Ms. Steven's apartment. *See* Minnesota v. Olson, 495 U.S. 91 (1990) (overnight guest had legitimate expectation of privacy in the premises which was protected by Fourth Amendment and thus had standing to challenge warrantless entry, even if guest has no legal interest in premises).

imminent injury." United States v. Schmidt, 700 F.3d at 937 (quoting Kentucky v. King, 563 U.S. 452, 460 (2011)). *See also* Sutterfield v. City of Milwaukee, 751 F.3d 542, 557–558 (7th Cir. 2014). Whether exigent circumstances existed is a mixed question of fact and law. United States v. Schmidt, 700 F.3d at 937. "This emergency aid exception does not depend on the officers' subjective intent or the seriousness of any crime they are investigating when the emergency arises. It requires only an objectively reasonable basis for believing . . . that a person within [the house] is in need of immediate aid." Michigan v. Fisher, 558 U.S. 45, 47 (2009) (internal quotation marks and citations omitted).

Undisputed evidence showed that officers were justified in entering and searching Ms. Steven's apartment without a warrant. The evidence presented at trial showed that the police received not one, but two reports of gunshots fired in the area. The first identified the general vicinity of the shooting and the second specifically identified Ms. Steven's apartment as the location of the shooter. When officers arrived at the apartment, Mr. Bloch appeared to be intoxicated and was verbally combative. The officers were told that there was at least one other person—a child—inside the apartment.

Mr. Bloch hasn't presented any facts which, if true, would show that the warrantless entry and search wasn't justified.[4] He doesn't dispute that a gun

---

[4] Mr. Bloch makes the argument, without citing to supporting evidence, that the officers deliberately created the exigency when they knocked on the door, seized him, and searched the apartment, which would vitiate the grounds for the search. The court disagrees. Mr. Bloch doesn't deny that shots were fired, argue that the officers fired the shots that were reported, or present any other evidence that would allow the court to

8

was fired, that officers were responding to a "shots fired" call at night in a residential neighborhood, that the officers hadn't yet located the gun, or that the officers hadn't conclusively determined that there were no shooting victims in the apartment. "[P]olice officers and other emergency personnel must be able to assist persons in danger or otherwise in need of assistance . . . [and] [w]hen police are acting in a swiftly developing situation . . . a court must not indulge in unrealistic second-guessing." Sutterfield v. City of Milwaukee, 751 F.3d 542, 559 (7th Cir. 2014) (quotations and citations omitted).

The officers reasonably believed that shots had been fired, that the shooter was located in Ms. Steven's apartment, and that the gun hadn't been recovered, but they didn't know who the shooter was, how many people were inside the apartment, or if anyone had been hurt. The court of appeals described what the officers encountered at Ms. Steven's apartment as exigent circumstances, United States v. Bloch, 718 F.3d at 640, and has found that similar circumstances justified officers' warrantless entry into a protected area to determine if there were any injured victims inside. *See e.g.*, United States v. Schmidt, 700 F.3d 934 (a report of gunshots in the neighborhood, bullet holes in a nearby car and the duplex, and a trail of spent casings justified the warrantless search of a home's curtilage to determine if anyone was injured); United States v. Taylor, 179 F. App'x 957, 960 (7th Cir. 2006) (exigent circumstances supported the warrantless

---

find that the officers deliberately created the exigency. *See* Kentucky v. King, 563 U.S. at 462.

9

search of a home to determine if anyone was injured where a dispatcher told police of gunshots in the home and spent and live casings were found on the property); United States v. Kempf, 400 F.3d 501, 503 (7th Cir. 2005) (a warrantless search was reasonable when police officers "did not know the exact details of the shooting, where the gun was located, whether the gun was loaded, who else may have been in the house, or whether anyone in the house may have been involved in the shooting"); United States v. Collins, 110 F. App'x 701, 704 (7th Cir. 2004) (911 call reporting shots fired at an apartment complex, police hearing shots upon arrival, and the only activity observed in the defendant's apartment justified the warrantless search to determine if someone might be in need of aid).

Based on the record before it, the court finds that exigent circumstances justified the warrantless search and, accordingly, Mr. Bloch can't prove that a motion to suppress on this issue would be meritorious, so this ineffective assistance of counsel claim fails. *See* United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005).

### 2. Legality of the Seizure of Mr. Bloch

Mr. Bloch next argues that Mr. May was ineffective because he didn't move to suppress his statements professing ownership of the firearms made while he was detained during and immediately following the officers' search of the

apartment.[5] Mr. Bloch asserts that when the officers arrived at the front door of the apartment, they seized him at gunpoint without probable cause or reasonable suspicion that he committed or was committing a crime. He contends the statements attributed to him at trial professing ownership of the firearms should have been suppressed because they were made while he was unlawfully seized in violation of the Fourth Amendment.

Trial testimony demonstrated that the officers detained Mr. Bloch and would not allow him to leave while they searched the apartment, so he was seized for Fourth Amendment purposes. *See* Jacobs v. City of Chicago, 215 F.3d 758, 772 (7th Cir. 2000) (citing Michigan v. Summers, 452 U.S. 692, 696 (1981)). "An official seizure is ordinarily unreasonable unless it is supported by probable cause, even where no formal arrest is made," id., but in some circumstances, a seizure of a person absent suspicion of criminality won't offend the Fourth Amendment. *See, e.g.,* Michigan v. Summers, 452 U.S. 692 (holding that the seizure of a person incident to the execution of a search warrant doesn't violate the Fourth Amendment). This is such a case. "[J]ust as exigent circumstances permit a warrantless home entry, emergencies may justify a warrantless seizure [of an occupant] in the home." Armijo ex rel. Armijo Sanchez v. Peterson, 601

---

[5] To the extent Mr. Bloch contends that his trial counsel should have challenged the detention itself as unlawful or the manner of detention (that he was handcuffed) as excessive, those arguments aren't persuasive because he can't demonstrate prejudice. "[T]he proper remedy [for such a claim] would have been a suit against the officers under 42 U.S.C. § 1983," not a claim pursuant to § 2255. *See* United States v. Howard, 729 F.3d 655, 661 (7th Cir. 2013).

F.3d 1065, 1073 (10th Cir. 2010). The court already found that exigent circumstances supported the warrantless search of Ms. Steven's apartment, so the officers' seizure of Mr. Bloch incident to that search didn't violate his Fourth Amendment rights. *See* id. Accordingly, he can't show that a motion to suppress would have been successful in suppressing his statements made while seized.

Mr. Bloch's brief doesn't specifically argue that his Fifth Amendment rights were violated, but he contends that he was under *de facto* arrest when he made the statements he seeks to suppress. Construing his petition liberally, as the court must, *see* Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016), the court understands him to also claim that his trial counsel should have moved to suppress his statements while he was detained outside of Ms. Steven's apartment because he was in custody and his statements were elicited in violation of his Fifth Amendment rights under *Miranda*.

A statement made during a custodial interrogation by a person who has not been informed of, and waived, his privilege against self-incrimination and his right to counsel isn't admissible in a criminal proceeding. Miranda v. Arizona, 384 U.S. 436 (1966). The suspect must be both in custody and subject to interrogation to trigger the *Miranda* warning requirement. Id. at 467.

"For *Miranda* purposes, a suspect is 'in custody' when he is 'deprived of his freedom of action in any significant way.'" United States v. Snodgrass, 635 F.3d 324, 327 (7th Cir. 2011) (quoting United States v. Thompson, 496 F.3d 807, 810 (7th Cir. 2007)). Mr. Bloch was handcuffed and Officer Haigh testified at trial

12

that he was detained and couldn't leave, so he was "in custody" for *Miranda* purposes.

Interrogation means express questioning as well as "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). The test is "whether a reasonable objective observer would have believed that the law enforcement officer's statements to the defendant were reasonably likely to elicit an incriminating response." United States v. Swanson, 635 F.3d 995, 1002 (7th Cir. 2011) (internal quotations omitted). "[V]oluntary incriminating statements are not subject to *Miranda* warnings and are admissible as evidence." Id. at 1001–1002.

Mr. Bloch doesn't point to any evidence that would allow the court to conclude that he was interrogated. He notes that the "officers stated in their police reports[ ] and trial testimony that the petitioner claimed ownership of the two weapons." [Doc. No. 79 at 23–24]. But he doesn't claim that any officer's words or actions elicited his statements. Officer Lanzen's police report indicates that he was speaking with Mr. Bloch when the statements were made, but it describes them as "spontaneously uttered statements about his guns and having them to protect his family." [Doc. No. 78–1 at 6]. This suggests that they were voluntary incriminating statements rather than statements elicited by an officer's questioning, so they wouldn't have been subject to suppression. Absent

evidence that Mr. Bloch was subject to interrogation when he made the incriminating statements, Mr. Bloch can't show that a motion to suppress on Fifth Amendment grounds would have been successful.

3. Cause Provided by the Anonymous 911 Call

Mr. Bloch also argues that his trial counsel was unconstitutionally deficient because he didn't file a motion to suppress on the theory that the anonymous 911 call didn't provide the officers cause to search Ms. Steven's apartment and detain him. Mr. Bloch relies on Florida v. J.L., 529 U.S. 266 (2000), in which the Supreme Court held that that an uncorroborated anonymous tip couldn't justify a *Terry* stop.

To the extent *J.L.*—a case about a *Terry* stop—applies to the officers' search of Ms. Steven's apartment and the seizure of Mr. Bloch, this case is quite different. First, in *J.L.* there was a single, uncorroborated anonymous call to police; in this case there were two separate calls about gunshots fired in the area, the second of which identified Ms. Steven's apartment as the source of the gunfire. Second, *J.L.* "did not hold that all anonymous or uncorroborated tips are unreliable," United States v. Hicks, 531 F.3d 555, 558–559 (7th Cir. 2008), or address a call reporting an emergency, rather it "dealt with a situation in which there was no apparent need for haste." United States v. Wooden, 551 F.3d 647, 650 (7th Cir. 2008). After reviewing relevant court of appeals' decisions, Judge Pallmeyer concluded that "the emergency exception clearly applies where

an anonymous caller reports shots fired." Williams v. Edwards, No. 10 C 1051, 2012 WL 983788, at *11 (N.D. Ill. Mar. 22, 2012). The court agrees and, accordingly, Mr. Bloch can't demonstrate that a motion to suppress on this issue would have been meritorious and his claim fails.

*D. § 2255 Petition: Second Ineffective Assistance of Counsel Claim*

*Failure to Call a Witness*

Mr. Bloch's next claim is that his trial counsel was ineffective because he didn't call Ms. Steven as a witness in his defense.[6] Ms. Steven was Mr. Bloch's girlfriend and the lessee of the apartment in which the firearms were discovered by police. Mr. Bloch didn't include an affidavit from Ms. Steven describing the testimony she would have offered at trial, but argues in his petition that she would have been a star witness for the defense and would have testified, as she told the police officers at the scene, that she owned the firearms, not Mr. Bloch.

"The Constitution does not oblige counsel to present each and every witness that is suggested to him," United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990), but an attorney representing a criminal defendant has a duty to make "some investigation into the prosecution's case and into various defense strategies" or to "make a reasonable decision that makes particular

---

[6] To the extent Mr. Bloch seeks to argue that his trial counsel was ineffective because he didn't call other witnesses, those arguments aren't persuasive because he didn't identify the potential witnesses and make a specific, affirmative showing of the testimony those witnesses would have offered at trial. *See* Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994).

15

investigations unnecessary." Brown v. Sternes, 304 F.3d 677, 691 (7th Cir. 2002) (quoting Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)). "Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's testimony would have produced a different result." Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994).

To succeed on this claim, Mr. Bloch must show prejudice. "To establish prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694). Ms. Steven's potential testimony, as described by Mr. Bloch in his petition, falls short of that showing. First, testimony by Ms. Steven regarding the ownership of the firearms wouldn't bear on whether Mr. Bloch possessed the firearms for purposes of 18 U.S.C. § 922(g)(1) because a defendant can possess a firearm without owning it. *See* United States v. Lane, 267 F.3d 715, 718 (7th Cir. 2001). Mr. Bloch doesn't indicate that Ms. Steven's would have testified that he never was in physical contact with or constructively possessed the firearms recovered from her apartment, which is what the government was required to prove for the jury to convict Mr. Bloch of illegal possession of a firearm. *See* United States v. Bloch, 718 F.3d at 642.

And Mr. Bloch can't show that there is a reasonable probability that the

jury wouldn't have convicted him if the jurors heard Ms. Steven's testimony. The jury heard a recording of Mr. Bloch claiming ownership of the firearms and demanding that the officers return them to him at the scene of the search, which "is quite reliable as evidence of possession." Id. at 643. The jury also heard testimony that Mr. Bloch told his chess partner at the county jail that he kept the guns at Ms. Steven's apartment and lamented not having hid them more effectively. The court of appeals held that "[Mr.] Bloch's own statements at the scene and in the jail, considered separately or together, were easily sufficient to establish his possession of the firearms." Id. Mr. Bloch hasn't shown that it is reasonably probable that Ms. Steven's testimony would have led to a different result, so he can't demonstrate prejudice. Accordingly, this claim of ineffective assistance of counsel also fails.

III. Conclusion

For the reasons stated, the court:

1) DENIES the motions to amend and/or supplement the § 2255 petition [Doc. Nos. 109, 114];

2) DENIES the motion to compel [Doc. No. 124]; and

3) DENIES the motion to vacate [Doc. No. 78].

SO ORDERED.

ENTERED:   September 18, 2018

                                /s/ Robert L. Miller, Jr.
                            Judge, United States District Court

cc: J. Bloch, III